PAUL GENCO, Appellant, v. NORTHWESTERN MANUFACTURING
COMPANY, Appellee.

EMINENT DOMAIN: Award—Appeals—Consolidation. Separate ap-
1   peals to the district court in eminent domain proceedings relative
    to the same award are properly consolidated.

JUDGMENT: Vacation—Falsity of Testimony. Motion to vacate a
2   judgment on the ground that the testimony on which the judgment
    was rendered was false, is properly overruled.

Headnote 1: 4 C. J. p. 619.  Headnote 2: 34 C. J. p. 284.

Headnote 2: 15 R. C. L. 705.

*Appeal from Webster District Court.*—G. D. THOMPSON, Judge.

JULY 1, 1927.

Appeal from an order by the district court denying a motion
to vacate a judgment. To such court both parties appealed from
the award of the sheriff's jury in a condemnation proceeding:
Such appeals, being first docketed separately, were by the court
consolidated and tried together. The property owner, appellant
herein, did not appear at the trial, and no evidence was offered
in his behalf. The court reduced the damages allowed by the
sheriff's jury. Within a few days thereafter, and within the
same term, the plaintiff filed a motion to vacate the judgment,
upon two grounds: (1) That the appeals were improperly con-

solidated; (2) that the evidence upon which the court predicated decision was false. Such motion was overruled. From such order of refusal the plaintiff appealed.—*Affirmed*.

George H. Bradshaw, for appellant.

Healy & Breen, for appellee.

EVANS, C. J.—The sheriff's jury awarded plaintiff (the appellant herein) damages in the sum of $155, resulting from the construction of a dam by the defendant, the Northwestern Manufacturing Company. From this award, on July 12, 1923, the plaintiff appealed to the district court. His appeal was there docketed as No. 18227. Thereafter, the defendant, the Northwestern Manufacturing Company, also appealed. Its appeal was docketed as No. 18267. On February 4th the plaintiff's attorneys withdrew their appearance as attorneys in the case, giving to the plaintiff due notice of such withdrawal, and causing the same to be noted of record. Both appeals were assigned for trial at the September term, and were duly reached on the 11th day of said month. Upon motion of defendant, the appeals were consolidated and tried together. The plaintiff was not present at the trial, nor was any evidence offered in his behalf. The judgment of the court reduced his damages to the sum of $75. He thereafter filed his motion to vacate, as already indicated. The record presented to us has its defects. We shall not scan these very closely, but will dispose of the case upon its merits, as far as possible.

I. The court did not err in entering the order of consolidation. The two appeals were necessarily parts of the same thing. They should not have been docketed separately in the first instance. The trial of one appeal was necessarily a trial of both. There could not have been an increase of damages, under plaintiff's appeal, and a decrease under the appeal of the defendant. There could be but one judgment, and that would, of necessity, be an adjudication of both appeals. The plaintiff, therefore, had no grievance on this ground.

II. The second ground urged in the motion to vacate was that the evidence presented to the court at the trial was false. This ground of the motion tendered an issue that could not be

1. EMINENT DOMAIN: award: appeals: consolidation.

2. JUDGMENT: vacation: falsity of testimony.          tried on a motion to vacate judgment. Plaintiff's method of presenting the same was by affidavit. No record was preserved of the evidence taken at the trial. The truth or falsity of the evidence was the final issue to be tried, in event that the judgment were vacated. Even if such issue could properly have been tendered and tried in the manner indicated, the finding of the district court would necessarily have the force and effect of a verdict. But the vital burden resting upon the plaintiff in support of his motion to vacate was to show a sufficient excuse for his failure to appear and offer evidence at the trial. His motion was lacking at this vital point. Nor did his supporting affidavits contain any recital of fact which even purported to be an excuse for such failure on his part. This being so, the trial court was not called upon to reconsider the issues already tried.

The order appealed from is, accordingly,—*Affirmed.*

DE GRAFF, MORLING, and KINDIG, JJ., concur.